UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLSEN MOORING AND MARINE SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-4102** |
| **SEACRAFT SHIPYARD, LLC** | **SECTION: "H"** |

## ORDER AND REASONS

Before the court is Defendant Seacraft Shipyard, LLC's Motion to Dismiss the Fraud Claim (Doc. 7). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This case arises out of an alleged breach of contract to repair a vessel. Plaintiff Carlsen Mooring and Marine Services, LLC is a vessel owner and Defendant Seacraft Shipyard, LLC is a shipyard that agreed to perform repairs on two of Plaintiff's vessels: the M/V San Jacinto and the M/V San Marcos. In November 2021, the parties entered into a Master Service Agreement ("the Agreement"), which was to govern all the work performed on the vessels. Plaintiff alleges that based on conversations with third-party contractors in August 2022, it became concerned that Defendant was not timely paying subcontractors for work they had performed on the vessels. As the owner of the vessels, it became concerned with the possibility that these third-party subcontractors could obtain maritime liens on the vessels. As a result, Plaintiff

1

asked Defendant to provide backups for all invoices paid to subcontractors and Defendant refused. Plaintiff further alleges that Defendant failed to adhere to the terms of the Agreement by unilaterally beginning to bill weekly, when the Agreement provided for a monthly payment system. Shortly after Plaintiff declined to pay a weekly invoice, Defendant ceased work on the M/V San Jacinto and restricted Plaintiff's access to the shipyard. When Plaintiff was granted access to the M/V San Jacinto, it alleges it discovered the work was negligently performed, and the vessel was not seaworthy. As a result, Plaintiff filed suit on October 24, 2022, for breach of contract, civil fraud under Louisiana Civil Code Article 1953, and maritime conversion.

Now before the Court is Defendant's Motion to Dismiss the Fraud Claim. Defendant moves this Court to dismiss the fraud claim, arguing that Plaintiff did not meet its burden under Federal Rule of Civil Procedure 9(b) of pleading the elements of fraud with particularity. Plaintiff opposes.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[2] *Id.*
[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[7]

## LAW AND ANALYSIS

Defendant argues that Plaintiff's claim for fraud should be dismissed because it failed to comply with the heightened pleading standard in Federal Rule of Civil Procedure 9(b). Plaintiff opposes, stating that it met the elevated standard for pleading fraud and requests that the Court allow the case to proceed to discovery.

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[8] In the Fifth Circuit, a plaintiff asserting fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[9]

Plaintiff's complaint states that "in conversations had with certain third-party subcontractors of Seacraft's, there was information received consistent with Seacraft employees not remitting funds to these subcontractors despite

---

[5] *Id.*
[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[7] *Lormand*, 565 F.3d at 255–57.
[8] FED. R. CIV. P. 8(b).
[9] Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp., 565 F.3d 200, 207 (5th Cir. 2009) (quoting Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997)).

the fact that Carlsen Mooring had paid Seacraft specifically for the goods and services at issue."[10] Specifically, Plaintiff alleges that:

> Seacraft through its principals made certain representations to both sub-contractors and to employees of Carlsen Mooring that it knew or should have known were false, but were nevertheless intended to gain an unjust advantage through the overpayment or early payment of invoices, misapplied payments, and the like all of which caused damage and inconvenience to Carlsen Mooring and a corresponding advantage to Seacraft.[11]

Plaintiff attempts to argue that the information needed to plead fraud with particularity is solely within Defendant's knowledge however, this is not true. Plaintiff's allegations fail to specify the particular statements contended to be fraudulent or state when and where the statements were made. Furthermore, Plaintiff fails to identify who made the statements and to whom. Accordingly, Plaintiff's claim for fraud is not plead with particularity and is dismissed without prejudice.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED.** Plaintiff's claim for fraud is **DISMISSED WITHOUT PREJUDICE. IT IS ORDERED** that Plaintiff may amend its Complaint within 20 days of this Order to correct the deficiencies identified within.

---

[10] Doc. 1 at 4.
[11] *Id.* at 7.

New Orleans, Louisiana this 9th day of February, 2023.

_____
**JUDGE JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**